1
2
3
4
5
6
7
8
9

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, et al., | Case No. 2:15-cv-00688-JCM-NJK |
| Plaintiff(s), | ORDER |
| vs. | |
| MICHAEL R. MANUELE, et al., | |
| Defendant(s). | (Docket Nos. 61, 62, 63) |

The deadline to designate experts in this case expired on October 17, 2015. Docket No. 50 at 4. Defendant Ronald McDonald House Charities of Greater Las Vegas, Inc. designated a handwriting expert on October 28, 2015. That late-disclosure prompted Defendants Paul Bishop and Benjamin Bishop to file a motion to strike the expert witness designation. Docket No. 62. Defendants Paul Bishop and Benjamin Bishop also filed a motion to shorten time for resolving that motion to strike to ensure them time to obtain a rebuttal expert if the motion to strike is denied. Docket No. 63. The rebuttal expert deadline is currently set for November 16, 2015. *See* Docket No. 50 at 4. Defendant Ronald McDonald House Charities of Greater Las Vegas, Inc. also filed a motion for a *post hoc* extension of the expert designation deadline by 11 days, as well as for a prospective extension of the rebuttal expert deadline by 11 days. Docket No. 61. None of these motions has been fully briefed. Nonetheless, in the interest of keeping the case moving forward, the Court hereby issues this order denying them all without prejudice so that the parties can meet-and-confer in light of the below discussion.

It is well settled in this District that the late disclosure of an expert is sufficiently harmless such that exclusion is not a proper remedy so long as the disclosure is made sufficiently before the discovery cutoff to enable the opposing party to depose the expert and challenge her expert report. *See Wells Fargo Bank, N.A. v. AMC Vista I, LLC*, 2015 WL 5286825, *1 (D. Nev. Sept. 10, 2015) (collecting cases). Moreover, in those circumstances, courts will generally provide a reasonable extension of time for the opposing party to obtain a rebuttal expert if necessary. *See, e.g., Amos v. Makita U.S.A., Inc.*, 2011 WL 43092, *5 (D. Nev. Jan. 6, 2011). In the briefing currently before the Court, the parties have failed to acknowledge this legal authority. Given that it appears that the above authority may dispose of the pending dispute,[1] the Court **DENIES** the pending motions without prejudice and orders the parties to meet-and-confer in light of that case law.

IT IS SO ORDERED.

DATED: November 4, 2015

_____

NANCY J. KOPPE
United States Magistrate Judge

---

[1] Because the briefing has not been completed, the Court does not herein make a conclusive ruling on the issue. In the event Defendants Paul Bishop and Benjamin Bishop continue to believe there is sufficient ground to strike the expert notwithstanding the above authority, they may renew their motion.

The Court also notes for the parties moving forward that any request seeking emergency relief (including through an application to shorten time) must comply with the technical or substantive requirements outlined in *Cardoza v. Bloomin' Brands, Inc.*, 2015 WL 6123192, at *1-4 (D. Nev. Oct. 16, 2015) (discussing those requirements at length).