UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, et al., <br><br> Plaintiff(s), <br><br> v. <br><br> MICHAEL R. MANUELE, as Successor Trustee of the William R. Bishop Living Trust Dated December 21, 2010, et al, <br><br> Defendant(s). | Case No. 2:15-CV-688 JCM (NJK) <br><br> ORDER |

Presently before the court is plaintiffs Pruco Life Insurance Company and Prudential Insurance Company of America's motion for leave to file first amended complaint. (Doc. #54). Defendants have not filed a response and the deadline to do so has passed.

Pursuant to Local Rule 7-2(d), an opposing party's failure to file a timely response to any motion constitutes the party's consent to the granting of the motion. LR 7-2. The instant motion seeks to amend the complaint. In light of defendant's failure to respond, the court finds granting the motion appropriate. However, in good faith, the court also turns to the merits of the motion.

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." The Supreme Court has interpreted Rule 15(a) and confirmed the liberal standard district courts must apply when granting such leave. In *Foman v. Davis*, 371 U.S. 178 (1962), the Court explained: "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require,

**James C. Mahan**
**U.S. District Judge**

be 'freely given.'" *Id.* at 182.  In addition to the Rule 15(a) requirements, the local rules of federal practice in the District of Nevada require that a plaintiff submit a proposed, amended complaint along with a motion to amend.  LR 15-1(a).

The court notes that plaintiffs have complied with Local Rule 15-1 and attached the proposed amended pleading.  (Doc. #54).  Further, the court finds none of the illustrative examples given by the Supreme Court in *Foman* as grounds to deny leave here.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs' motion to file an amended complaint (doc. #54) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiffs file the proposed amended complaint with the court within seven (7) days of entry of this order.

Presently before the court is plaintiff's notice of voluntary dismissal with prejudice of defendant Michael R. Manuele pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). (Doc. # 53). Plaintiff seeks dismissal of defendant Michael R. Manuele on the basis that he has not served an answer or a motion for summary judgment and because he has been replaced as trustee of the trust by Paul Bishop, another party herein. (*Id.* at 3).

Fed. R. Civ. P. 41(a)(1)(A)(i) allows a plaintiff to voluntarily dismiss a claim without court order "by filing a notice of dismissal before the opposing party serves either ran answer or a motion for summary judgment."

Defendant Michael R. Manuele has not filed an answer nor has he filed a motion for summary judgment. Therefore, dismissal under Fed. R. Civ. P. 41(a)(1)(A)(i) is proper.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that this matter be, and the same hereby is, dismissed with prejudice as it pertains to defendant Michael R. Manuele.

IT IS FURTHER ORDERED that each party bear its own attorneys' fees and costs.

DATED February 24, 2016.

　　　　　　　　　　　　　　　　　　　　　　／s／ James C. Mahan
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -