**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| The Prudential Insurance Company of America and Pruco Life Insurance Company, | CASE NO. 2:15-CV-00688-JCM-NJK |
| Plaintiffs, | |
| vs. | |
| Michael R. Manuele, as Successor Trustee of the William R. Bishop Living Trust Dated December 21, 2010; Paul Bishop, as Co-Special Administrator of the Estate of William R. Bishop; Ben Bishop, as Co-Special Administrator of the Estate of William R. Bishop; ALCAC/ St. Jude Children's Research Hospital, Inc.; United States Fund For UNICEF, Inc.; Father Flanagan's Boys' Home, Inc.; and Ronald McDonald House Charities Of Greater Las Vegas, Inc., | |
| Defendants. | |
| ST. JUDE CHILDREN'S RESEARCH HOSPITAL, INC.; FATHER FLANAGAN'S BOYS' HOME, INC., | |
| Cross-Claimant, | |
| vs. | |
| MICHAEL R. MANUELE, AS SUCCESSOR TRUSTEE OF THE WILLIAM R. BISHOP LIVING TRUST DATED DECEMBER 21, 2010; PAUL BISHOP, INDIVIDUALLY AND AS CO-SPECIAL ADMINISTRATOR OF THE ESTATE OF WILLIAM R. BISHOP; BEN BISHOP, INDIVIDUALLY AND AS CO-SPECIAL ADMINISTRATOR OF THE ESTATE OF WILLIAM R. BISHOP | |
| Cross-Defendant. | |
| PAUL BISHOP and BENJAMIN BISHOP, | |
| Counter-Claimant, | |
| vs. | |
| THE PRUDENTIAL INSURANCE | |

7396899_1

-1-

| | |
|---|---|
| COMPANY OF AMERICA AND PRUCO LIFE INSURANCE COMPANY, | |
| Counter-Defendant. | |
| PAUL BISHOP and BENJAMIN BISHOP, | |
| Cross-Claimant, | |
| vs. | |
| ALCAC/ ST. JUDE CHILDREN'S RESEARCH HOSPITAL, INC, | |
| Cross-Defendant. | |
| RONALD MCDONALD HOUSE CHARITIES OF GREATER LAS VEGAS, INC., | |
| Cross-Claimant, | |
| . | |
| MICHAEL R. MANUELE, AS SUCCESSOR TRUSTEE OF THE WILLIAM R. BISHOP LIVING TRUST DATED DECEMBER 21, 2010; PAUL BISHOP, AS CO-SPECIAL ADMINISTRATOR OF THE ESTATE OF WILLIAM R. BISHOP; AND BEN BISHOP, AS CO-SPECIAL ADMINISTRATOR OF THE ESTATE OF WILLIAM R. BISHOP, | |
| Cross-Defendants. | |

## STIPULATION OF CONFIDENTIALITY

**WHEREAS**, Plaintiffs The Prudential Insurance Company of America ("PICA") and Pruco Life Insurance Company ("Pruco") (together, "Prudential") ) and the remaining Defendants Paul Bishop, Ben Bishop, ALCAC/St. Jude Children's Research Hospital, Inc., United States Fund for UNICEF, Inc., Father Flanagan's Boys' Town, Inc., and Ronald McDonald House Charities of Greater Las Vegas, Inc. (together, "Defendants") (each a "Party" and collectively the "Parties") are presently engaged in discovery; and

**WHEREAS,** the Parties consider some of the information being sought in discovery or contained in documents being sought in discovery to be of a proprietary and/or confidential nature; and

**WHEREAS,** the Parties have agreed to the entry of this Stipulation and Order to permit the Parties to discover information deemed "Confidential Information" pursuant to procedures protecting the confidentiality of such information;

**IT IS HEREBY STIPULATED AND AGREED,** as follows:

1. "Confidential Information," as used herein, means any type or classification of information produced by a Party (or derived from Confidential Information produced by a Party), designated as confidential by such Party, including, but not limited to, personnel information, security information, trade secrets, proprietary information, and/or financial information marked in accordance with paragraph (2) below.

2. Confidential Information shall be used only for purposes of this litigation (not in or for any other administrative, judicial, legislative, or other proceeding) and for no other purpose whatsoever, and shall not be disclosed, given, shown, discussed, disseminated, divulged or otherwise communicated to any person except as provided herein.

3. The designation of "Confidential Information" may be made by marking the first page of a document wherein such Confidential Information is contained (or, if the entire document is not designated as "Confidential Information", indicating the portion(s) thereof that are designated as "Confidential Information") by a suitable marking, indicating the confidentiality of the information; or by letter of counsel for a Party.

4. "Qualified Person" as used herein means (a) any individual Party; (b) employees, officers or other personnel of the Parties actually engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder; (c) members, attorneys, employees, or independent contractors of counsel for the Parties to this action; (d) any expert witnesses consulted and/or retained by a Party for the purpose of assisting in the prosecution or defense of this action; (e) an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer, if furnished, shown or disclosed in accordance with paragraph 5 and 6; (f) trial and deposition witnesses, if furnished, shown or disclosed in accordance with paragraph 5 and 6; and (g) any other person agreed to by the Parties.

5. The Parties shall provide a copy of this Stipulation to each Qualified Person, other than individual Parties and counsel of record for any Party, who shall read it and sign his or her name at the foot thereof following the words, "I have read, and agree to be bound by, the provisions of this Stipulation and Order." All copies so endorsed shall be retained by counsel for each Party and forwarded to counsel for all other Parties within five (5) days of execution. Each Qualified Person, by signing a copy of this Stipulation and Order, agrees to abide by its terms.

6. Confidential Information shall be disclosed by a Party and their counsel only to Qualified Persons who have read and have agreed to be bound by this Stipulation, in accordance with paragraph 5, and then only to the extent the other Parties and their counsel in good faith believe such disclosure is reasonably necessary to the prosecution or defense of this litigation.

7. Each Qualified Person will maintain Confidential Information in confidence and will not reveal any confidential information to any person who is not a Qualified Person without the prior written consent of counsel for the other Parties or an Order of the Court authorizing such disclosure.

8. In the event a Party disagrees with any designation of Confidential Information by another Party pursuant to paragraph 1 or considers it necessary to disclose Confidential Information to a person who is not a Qualified Person, counsel for that Party shall notify, in writing, counsel for the other Parties within 3 days of the intent to disclose before disclosure is effected. The Parties shall confer and attempt to resolve the matter informally. If they are unable to do so, an application may be made to the Court by the Party seeking to make such disclosure for a determination as to whether particular documents or other information should be treated as Confidential Information subject to this Stipulation and Order, or whether the disclosure of the information shall be permitted. The information in question shall be treated as "Confidential Information," subject to the terms of this Stipulation and Order, until the dispute is resolved (either by agreement of counsel for the Parties or by an Order of the Court).

9. Notwithstanding the terms of paragraphs 4 through 6, counsel for a Party may, in the course of deposing a person who is not a Qualified Person, show the witness Confidential Information and examine the witness concerning such information, provided that (a) the witness is

7396899_1                                     -4-

informed that the information is confidential and is instructed that, pursuant to Court Order, such confidentiality must be maintained, (b) no persons are present during those portions of the examination concerning Confidential Information except the witness, Qualified Persons, counsel for the Parties and a court reporter, and (c) the deposition taken is thereafter considered Confidential Information.

10. At any deposition, a Party may, on the record of the deposition or by written notice to counsel for the other Parties within twenty (20) days following receipt of the deposition transcript, designate portions of the testimony as Confidential Information (as defined in paragraph 1). Prior to the expiration of said twenty (20) day period, the transcript and information contained therein shall be disclosed only to Qualified Persons. All copies of deposition transcripts containing portions designated as confidential shall be marked "Confidential" on the cover thereof.

11. Confidential Information disclosed to the Parties may be copied only to the extent necessary to permit its use in accordance with the terms of this Stipulation and Order. At the conclusion of this lawsuit (including appeals, if any), all Confidential Information, and all documents containing Confidential Information, in the possession of any Qualified Person or any other person who has received such documents pursuant to this Stipulation and Order, shall be returned to counsel for the Party that produced such documents, together with all copies, extracts and summaries thereof. If a document that contains Confidential Information also contains attorney work product, the Qualified Person may, in lieu of returning the Confidential Information, , destroy such Confidential Information, including all copies, extracts and summaries thereof.

12. The disclosure by a Party of a document or information to a Qualified Person without designating it as "Confidential Information" shall not constitute a waiver of the rights of that Party to designate such document or information as Confidential Information and, if so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

**DENIED.** See order issued concurrently herewith.

13. ~~All information subject to confidential treatment in accordance with the terms of and Order that is filed with the Court, and any pleadings, motions, or other papers filed with the Court disclosing any Confidential Information, shall be filed under seal and kept under seal until further Order of the Court.~~

14. This Stipulation and Order may be amended by a stipulation submitted to and so ordered by the Court or, if the Parties are unable to agree, by the Court on the application of a Party.

15. This Stipulation and Order shall be binding on all Qualified Persons and all other persons having knowledge of its terms. It is enforceable by any sanctions deemed appropriate by the Court.

16. The terms of this Stipulation and Order shall survive and remain in full force and effect during discovery, outside the courtroom during trial, during any appeal, and after the termination of this action. The terms of this Stipulation and Order shall also apply to the trial of this action, unless the Court, upon notice to all Parties, orders otherwise, or unless the Parties, with the approval of the Court, so stipulate otherwise. Furthermore, the Parties and the Court shall address the issue of the confidentiality of Confidential Information at trial in the pre-trial order.

RESPECTFULLY SUBMITTED this __ day of _____, 2016.

SOLOMON DWIGGINS & FREER, LTD.     LEWIS ROCA ROTHGERBER CHRISTIE LLP

By: */s/ Brian P. Eagan (with permission)*      By: */s/ Nicole M. True*
   Brian P. Eagan                                  Nicole M. True
   9060 W. Cheyenne Avenue                         State Bar No. 12879
   Las Vegas, Nevada 89129                         Meng Zhong
*Attorneys for Paul Bishop and Benjamin Bishop*    State Bar No. 12145
                                                   LEWIS ROCA ROTHGERBER CHRISTIE LLP
                                                   3993 Howard Hughes Pkwy, Suite 600
                                                   Las Vegas, NV 89169-5996
                                              *Attorneys for Plaintiffs The Prudential Insurance*

| | |
|---|---|
| HOLLAND & HART LLP | HUTCHISON & STEFFEN, LLC |
| By: */s/ Patrick J. Reilly (with permission)*<br>    Patrick J. Reilly<br>    9555 Hillwood Drive, Second Floor<br>    Las Vegas, Nevada 89134<br>*Attorneys Pro Bono Publico for*<br>*Ronald McDonald House Charities*<br>*of Greater Las Vegas, Inc.* | By: */s/ Russel J. Geist (with permission)*<br>    Todd L. Moody (5430)<br>    Russel J. Geist (9030)<br>    10080 West Alta Drive, Suite 200<br>    Las Vegas, NV 89145<br>*Attorneys for St. Jude Children's*<br>*Research Hospital, Inc., Father Flanagan's Boys'*<br>*Home, Inc. and UNICEF* |

Except with respect to Paragraph 13, which is hereby DENIED, the stipulation is otherwise GRANTED.

**IT IS SO ORDERED**  February 29            , 2016

_____
United States Magistrate Judge